

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
FILED
2005 AUG 15 PM 3:41
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 00-385 |
| v. | * | SECTION: "R" |
| **RAYMOND TILTON** | * | |

\* \* \*

### RULE TO REVOKE SUPERVISED RELEASE

**NOW INTO COURT** comes the United States of America, appearing by and through the undersigned Assistant United States Attorney, and respectfully represents:

**I.**

On May 9, 2001, defendant, RAYMOND TILTON was sentenced for violating Title 18, United States Code, Sections 922(g)(1), by the Honorable Sarah S. Vance.

**II.**

Details of the defendant's original sentence and supervised release are set forth in Exhibit "A" attached hereto and made a part hereof by reference.

**III.**

On December 8, 2004, defendant appeared before this Court for a revocation hearing, wherein, the defendant was committed to the Bureau of Prisons to be imprisoned for a

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

term of six (6) months and twelve (12) months supervised release thereafter. Details of the defendant's revocation hearing are set forth in Exhibit "B" attached hereto and made a part hereof by reference.

## IV.

The defendant has since committed additional violations of his supervised release which are set forth in Exhibit "C" attached hereto and made a part hereof by reference.

**WHEREFORE**, the Government prays that the defendant, RAYMOND TILTON, be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause why his supervised release should not be revoked.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
DUANE A. EVANS
Assistant United States Attorney
Louisiana Bar Roll No. 24086
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3069

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this 15th day of August, 2005.

_____
Assistant United States Attorney

2

Case 2:00-cr-00385-SSV   Document 10   Filed 05/09/2001   Page 1 of 1

```
                              FILED
                        U.S. DISTRICT COURT
                     EASTERN DISTRICT OF LA

                        2001 MAY 10  AM 8:42

                          LORETTA G. WHYTE
                                CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
VS.   RAYMOND TILTON                    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            CRIMINAL ACTION
      1902 FRENCHMAN STREET            (SOC. SEC. NO.)         00-385 "R"
      NEW ORLEANS, LOUISIANA 70116                             (CASE NO /SEC.)

## JUDGMENT AND COMMITMENT ORDER

The defendant appeared in person on May 9, 2001, before the Court for Sentencing.

PRESENT:   ROMA KENT, ASST. FEDERAL PUBLIC DEFENDER, COUNSEL FOR DEFENDANT
           DUANE EVANS, ASSISTANT U.S. ATTORNEY
           MARILYN SEWELL, U.S. PROBATION OFFICER
           PATRICIA RALPH, COURT REPORTER
           JAY SUSSLIN, COURTROOM DEPUTY

THE DEFENDANT ENTERED A PLEA OF GUILTY ON FEBRUARY 7, 2001.

The Court adjudged the defendant guilty as to his plea of Guilty as to Count 1 of the Indictment charging the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Raymond Tilton, is hereby committed to the custody of the Bureau of Prison to be imprisoned for a term if 42 months as to Count 1 of the Indictment. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years as to Count 1 of the Indictment. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervised release that have been adopted by this Court, and shall not possess a firearm. In addition, the following special conditions are imposed: 1) The defendant shall provide the probation officer with access to any requested financial information; 2) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer; and 3) The defendant shall participate in an orientation and life skills program as directed by the probation officer. The Court finds the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

IT IS FURTHER ORDERED that the defendant shall pay to the United States the special assessment in the amount of $100.00, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of supervised release imposed above, IT IS HEREBY ORDERED that the general conditions of supervised release set out on the reverse side be imposed.

New Orleans, Louisiana, this 9th day of May, 2001.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

CERTIFIED AS A TRUE COPY
ON THIS DATE _____

BY: _____
    Deputy Clerk

GOVERNMENT EXHIBIT A

DATE OF ENTRY
MAY 1 0 2001

Fee _____
Process _____
X  Dktd _____
   CtRmDep _____
   Doc.No. _____

AO 245D (Rev 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __LOUISIANA__

UNITED STATES OF AMERICA
V.

RAYMOND TILTON

JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Case Number: 00-385
USM Number:
Roma Kent, Assistant Federal Public Defender
Defendant's Attorney

**THE DEFENDANT:**

X  admitted guilt to violation of condition(s)  __see attached__  of the term of supervision.

☐  was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
|  |  |  |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc Sec No   ***-**-2547
Defendant's Date of Birth   November 28, 1976

Defendant's Residence Address.

Defendant's Mailing Address

December 8, 2004
Date of Imposition of Judgment

_/s/ Sarah Vance_
Signature of Judge

SARAH S. VANCE, UNITED STATE DISTRICT JUDGE
Name and Title of Judge

December 10, 2004
Date

GOVERNMENT EXHIBIT 13

DATE OF ENTRY
DEC 13 2004

___ Fee___
_X_ Process
_X_ Dktd
_✓_ CtRmDep
___ Doc. No. _19_

AO 245D   (Rev 12/03) Judgment in a Criminal Case for Revocations
Sheet 1A

|  |  | Judgment—Page 2 of 5 |
|---|---|---|

**DEFENDANT:** RAYMOND TILTON
**CASE NUMBER:** 00-385 "R"

## ADDITIONAL VIOLATIONS

**Nature of Violation**

Arrested and Charged with Possession of Marijuana on September 8, 2004

Arrested and Charged with Simple Battery on September 18, 2004

Tested positive for cocaine and heroin on May 19, 2004; June 16, 2004; and September 1, 2004.

Tested positive for heroin on April 26, 2004, April 28, 2004, and May 11, 2004

Failed to attend drug aftercare treatment on May 14, 2004; May 21, 2004; May 26, 2004; June 4; 2004, June 7, 2004; June 11, 2004, June 18, 2004; and June 23, 2004.

AO 245D  (Rev. 12/03 Judgment in a Criminal Case for Revocations
        Sheet 2— Imprisonment

Judgment — Page __3__ of __5__

DEFENDANT: RAYMOND TILTON
CASE NUMBER: 00-385 "R"

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
6 months

X   The court makes the following recommendations to the Bureau of Prisons:
    That the defendant be incarcerated in an institution that will provide drug treatment and vocational/educational training.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  before 2 p.m. on _____ .
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

AO 245D   (Rev 12/03) Judgment in a Criminal Case for Revocations
         Sheet 3 — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT:
CASE NUMBER:

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a
12 months.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
X) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D  (Rev 12/03) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

DEFENDANT:
CASE NUMBER:

Judgment—Page __5__ of __5__

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in an orientation and life skills program as directed by the probation officer.

2. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

### PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** RAYMOND TILTON    **Case Number:** 053L 2:00CR00385-001SSV

**Name of Sentencing Judicial Officer:** Honorable Sarah S. Vance

**Offense:** Felon in possession of a firearm

**Date of Sentence:** May 09, 2001

**Sentence:** Forty-two months in the custody of the Bureau of Prisons, to be followed by a three year term of supervised release. A $100.00 special assessment fee was also ordered. On December 10, 2004, supervised release revoked; sentenced to six months custody of the Bureau of Prisons, to be followed by a one year term of supervised release.

**Special Conditions:**

1. Orientation and life skills
2. Drug treatment
3. Financial disclosure

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** April 29, 2005

**Assistant U.S. Attorney:** Duane A. Evans    **Defense Attorney:** Roma Kent

---

### PETITIONING THE COURT

[ X ] To issue a warrant    [ ] To issue a summons

For the arrest of Raymond Tilton for alleged violations of supervised release, and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Special Condition No. 1: | On June 30, 2005, Tilton submitted a urine specimen to personnel of the U.S. Probation Office which tested positive for cocaine and heroin. Tilton acknowledged his drug usage. |
| | On July 6, 2005, Tilton was scheduled to be admitted into Charity Hospital Detoxification Center to undergo detoxification, to be followed by long-term residential treatment. However, Tilton failed to report for detoxification. |
| Standard Condition No. 6: | Tilton moved from his residence of record without notifying his probation officer. His whereabouts are unknown at this time. |

**CUSTODIAL STATUS:**

Raymond Tilton is not is custody at this time.

GOVERNMENT EXHIBIT

___ Fee
___ Process
X   Dktd
___ CtRmDep

_____
Daryl A. Naquin
U.S. Probation Officer
July 12, 2005

REVIEWED BY:

_____
Matthew G. Arsenneaux
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

7/15/05
Date

Address of Offender:   2815 Metropolitan Street
                       New Orleans, LA 70126

---

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:

~~Original~~ — ~~Clerk's Office~~
1 Copy Certified  -  U.S. Attorney
1 Copy Certified  -  U.S. Marshal's Office
2 Copies Certified -  U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

CLERK'S OFFICE
A TRUE COPY

JUL 15 2005

_____
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, La