

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-385 |
| RAYMOND TILTON | SECTION "R" |

### JUDGMENT REVOKING SUPERVISED RELEASE

This matter was before the Court on the Government's rule to revoke the supervised release of defendant Raymond Tilton. The defendant and his counsel were present and allowed to respond to allegations contained in the Government's rule to revoke. The Court resolves the Government's rule to revoke defendant's supervised release as follows:

On May 9, 2001, defendant Raymond Tilton was sentenced on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Court sentenced defendant to 42 months imprisonment and three years of supervised release. The Court also ordered defendant to comply with the mandatory and standard conditions of supervised release adopted by the Court and to not possess a firearm. Further, the Court ordered defendant to pay a special assessment of $100. The Court

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No.___

also imposed the following special conditions:

    1.    To participate in an orientation and life skills program as directed by the U.S. Probation Officer;

    2.    To participate in a drug testing and treatment program at the direction of the U.S. Probation Officer; and

    3.    To provide the U.S. Probation Officer with access to any requested financial information.

On December 8, 2004, defendant's term of supervised release was revoked, and the defendant was sentenced to six months imprisonment and one year of supervised release.

Based on the stipulated evidence presented, the Court finds that the defendant, Raymond Tilton, violated certain terms of his second term of supervised release:

    1.  On June 30, 2005, defendant submitted a urine specimen to the U.S. Probation Office, which tested positive for cocaine and heroin;

    2.  On July 6, 2005, defendant was scheduled to be admitted to Charity Hospital to undergo detoxification and long term residential treatment.  Mr. Tilton did not report for detoxification as scheduled; and

    3.  On or about July 4, 2005, defendant changed his residence of record without notifying his probation officer of

his whereabouts.  Mr. Tilton's whereabouts were unknown until his arrest on August 3, 2005.

When a person violates a term or condition of his supervised release, 18 U.S.C. § 3583(e) authorizes the Court to revoke the term of supervised release and to order the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense without credit for time previously served on postrelease supervision.  In determining an appropriate term of imprisonment, the Court must consider, but is not bound by, the Policy Statements in Chapter 7 of the Sentencing Guidelines.  *See United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994).  According to U.S.S.G. § 7B1.4, the advisory range of imprisonment applicable to revocation is determined by plotting a defendant's grade of violation against his criminal history category at the time of his original sentence. Defendant's highest grade of violation equates to a Grade C violation under U.S.S.G. § 7B1.1 and his applicable criminal history category is IV.  Therefore, the applicable advisory guideline range is:

    __6__ to __12__       months imprisonment

    __Up to 30__         months supervised release less any term of imprisonment imposed

The Court finds that the circumstances of this case do not warrant a departure from the advisory sentencing range. Accordingly, pursuant to the sentencing reform act of 1984, it is the Judgment of this Court that the defendant's term of supervised release is revoked, and defendant, Raymond Tilton, is committed to the custody of the Bureau of Prisons for a period of **6** months.

IT IS FURTHER ORDERED that the defendant, Raymond Tilton, is remanded to the custody of the U.S. Marshal.

Baton Rouge, Louisiana, this 14th day of October, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE